UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 08-00629-TLM** |
| **LIFESTYLE HOME** | ) | |
| **FURNISHINGS, LLC,** | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **JEREMY GUGINO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Adv. No. 08-06103-TLM** |
| | ) | |
| **WELLS FARGO BANK** | ) | |
| **NORTHWEST, N.A., a National** | ) | |
| **Banking Association,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF DECISION
ON MOTION FOR SUMMARY JUDGMENT**
_____

**INTRODUCTION**

Jeremy Gugino ("Plaintiff"), as the chapter 7 trustee of Lifestyle Furnishings, LLC ("Debtor"), brought this adversary proceeding against Wells Fargo Bank Northwest, N.A. ("Defendant"), to avoid a security interest claimed by Defendant upon property of the bankruptcy estate. Plaintiff now seeks entry of

MEMORANDUM OF DECISION - 1

partial summary judgment on the grounds that Defendant failed to comply with Idaho law regarding the perfection of its security interest and that such an interest became unperfected on September 7, 2007, as to any collateral acquired by Debtor on or after that date. Doc. No. 22 ("Motion"). The Motion was argued on January 13, 2010, and taken under advisement.

Following review and for the reasons set forth below, the Court determines that the Motion will be granted.

## SUMMARY JUDGMENT STANDARD

The Ninth Circuit recently summarized:

In adversary proceedings before the bankruptcy court, the familiar summary judgment standard established in Federal Rule of Civil Procedure 56 applies. *See* Fed. R. Bankr. P. 7056; *North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227 (9th Cir. 1997). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. *Id.* at 256-57, 106 S.Ct. 2505. The court must view all the evidence in the light most favorable to the nonmoving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing

MEMORANDUM OF DECISION - 2

> that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).
>
> A court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

*Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008).

**FACTS**

In November, 2003, in conjunction with a loan to "Factory Direct, LLC," Defendant obtained and filed a UCC-1 financing statement perfecting a security interest in "all inventory, accounts, equipment and general intangibles" of Factory Direct, LLC. This financing statement was later amended to add "contract rights" to the list of collateral.

In early 2007, Kevin and Sylvia Hope purchased the ownership interest in Factory Direct, LLC, and received additional loans from Defendant.

On May 7, 2007, Factory Direct, LLC, filed "Amended and Restated Articles of Organization" with the Idaho Secretary of State, changing the name of the company from Factory Direct, LLC, to "Lifestyle Home Furnishings, LLC."

MEMORANDUM OF DECISION - 3

Defendant did not file any additional UCC financing statements, and did not amend the previously filed financing statements, to name Lifestyle Home Furnishings, LLC as debtor.

For the purposes of the Motion, the foregoing facts are undisputed.[1]

**DISCUSSION**

**A.  Change of name and lapse of perfection**

Defendant perfected, in 2003, a security interest in certain designated categories or types of collateral owned by its debtor, Factory Direct, LLC. On May 7, 2007, through its Amended and Restated Articles of Organization, the entity changed its name to Lifestyle Homes Furnishings, LLC. It was this latter entity that became the Debtor in the chapter 7 case commenced April 7, 2008. *See* Case No. 08-00629-TLM at Doc. No. 1.[2]

Plaintiff argues that the security interest of Defendant became unperfected

---

[1] *See* Doc. No. 24 (Plaintiff's "Statement of [Undisputed] Facts" in support of the Motion). Plaintiff filed no affidavits in support of the Motion. The facts it presents in Doc. No. 24 are based on allegations of the complaint that were admitted by Defendant. *Id.*; *see also* Answer, Doc. No. 17, at ¶¶ 8, 10-14, 17, 19.

Under LBR 7056.1(b)(2), Defendant was required to file a statement of disputed and undisputed facts, responding specifically to each of Plaintiff's asserted undisputed facts and indicating whether such fact is disputed or undisputed. Defendant failed to comply with this Rule. Its submission, Doc. No. 27, did not address in any fashion, despite the requirements of the Rule, the facts as asserted by Plaintiff. Instead, Defendant asserted several "additional" material facts it contended were not in dispute. However, at the hearing Defendant conceded that the facts as asserted by Plaintiff were undisputed.

[2] The date of the petition and the identity of the Debtor in the chapter 7 case do not appear to be disputed. However, to the extent necessary, the Court takes judicial notice of its files and records, Fed. R. Evid. 201, to establish the same.

MEMORANDUM OF DECISION - 4

four months after the change of Debtor's name, and that Defendant's security interest is thus avoidable under the strong-arm powers given trustees by § 544(a).[3] This section provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

Section 544(a)(1). This provision grants the chapter 7 trustee the powers of a hypothetical lien creditor as of the date of the petition. *Neilson v. Chang (First T.D. & Inv., Inc.)*, 253 F.3d 520, 526 (9th Cir. 2001); *Gugino v. Canyon Fin. of Boise, Inc. (In re Green)*, 410 B.R. 904, 907, 09.2 I.B.C.R. 44, 45 (Bankr. D. Idaho 2009). State law governs the rights of Plaintiff, as a hypothetical judicial lien creditor, against Defendant. *Green*, 410 B.R. at 907, 09.2 I.B.C.R. at 45 (citing *Hopkins v. Brasseaux (In re Saunders)*, 08.1 I.B.C.R. 16, 17, 2008 WL 538443 at *2 (Bankr. D. Idaho Feb. 25, 2008)). If Defendant's security interest is not adequately perfected as against such a judicial lien creditor under Idaho law, Plaintiff may avoid that security interest and retain it for the benefit of the estate.

---

[3] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, Title 11 U.S. Code, §§ 101-1532.

MEMORANDUM OF DECISION - 5

*First T.D. & Inv.*, 523 F.3d at 526; *Green*, 410 B.R. at 907, 09.2 I.B.C.R. at 45.[4]

Article 9 of Idaho's Uniform Commercial Code provides:

> (c) If a debtor so changes its name that a filed financing statement becomes seriously misleading under section 28-9-506:
>> (1) The financing statement is effective to perfect a security interest in collateral acquired by the debtor before, or within four (4) months after, the change; and
>> (2) The financing statement is not effective to perfect a security interest in collateral acquired by the debtor more than four (4) months after the change, unless an amendment to the financing statement which renders the financing statement not seriously misleading is filed within four (4) months after the change.

Idaho Code § 28-9-507(c).

Two additional Article 9 provisions help clarify whether the name of the debtor on the financing statement is adequate. First, Idaho Code § 28-9-503 provides:

> (a) A financing statement sufficiently provides the name of the debtor:
>> (1) If the debtor is a registered organization, only if the financing statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized[.]

Idaho Code § 28-9-503(a)(1). *See also* Idaho Code § 28-9-503, Official Comment (noting the importance of debtor's name given indexing of financing statements under such name, and further noting that Idaho Code § 28-9-102(70) defines "registered organization" so as to ordinarily include corporations and limited

---

[4] That Idaho law is the applicable state law in the instant case is not disputed.

MEMORANDUM OF DECISION - 6

liability companies).

Secondly, Idaho Code § 28-9-506 provides:

(a) A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.
(b) Except as otherwise provided in subsection (c) of this section, a financing statement that fails sufficiently to provide the name of the debtor in accordance with section 28-9-503(a) is seriously misleading.
(c) If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with section 28-9-503(a), the name provided does not make the financing statement seriously misleading.
(d) For purposes of section 28-9-508(b), the "debtor's correct name" in subsection (c) of this section means the correct name of the new debtor.

Idaho Code § 28-9-506.

As a whole, these provisions require that a secured creditor ensure that a financing statement correctly names the debtor.[5] Where, as here, the debtor is a registered organization (*i.e.*, an Idaho limited liability company), the name used on the financing statement must be the actual name under which the debtor is registered or the statement will be seriously misleading. Idaho Code § 28-9-506(b); § 28-9-503(a)(1); *see First Cmty. Bank of E. Tenn. v. Jones (In re Silver*

---

[5] This Court has recognized in other contexts that creditors are obligated to correctly identify their debtors, as well as to react to name changes, and creditors bear the risk of loss of perfection due to error. *See*, *e.g.*, *Gugino v. General Motors Acceptance Corp. (In re Laursen)*, 08.3 I.B.C.R. 96, 97 (Bankr. D. Idaho 2008), and *Hopkins v. NMTC Inc. (In re Fuell)*, 2007 WL 4404643 (Bankr. D. Idaho Dec. 13, 2007) and cases and authorities cited therein.

MEMORANDUM OF DECISION - 7

*Dollar, LLC)*, 388 B.R. 317, 320-324 (Bankr. E.D. Tenn. 2008) (discussing the requirement of Revised U.C.C. § 9-503(a)(1) and concluding that all names, other than the entity's exact name as shown on the public record establishing that debtor's organization, are insufficient). Under Idaho Code § 28-9-506(b) and (c), the use of a name other than the precise legal name renders the financing statement "seriously misleading" unless a search under the correct name would produce the financing statement with the incorrect name. *Silver Dollar, LLC* at 324-27 (noting that Revised U.C.C. § 9-506 replaced a reasonableness standard with this bright-line test); *Fuell*, 2007 WL 4404643, at *3-4.[6]

The name change in the Amended and Restated Articles of Organization on May 7, 2007, rendered Defendant's financing statement showing its debtor as Factory Direct, LLC, seriously misleading.

As a consequence, Defendant had four months within which to rectify the situation in order to be perfected as to collateral acquired by Debtor more than four months after the change. Idaho Code § 28-9-507(c). It had to do so by filing an amended or new financing statement referencing Debtor's name – Lifestyle Home Furnishings, LLC – as required by Idaho Code § 28-9-503(a)(1). It did not.

As a result, Plaintiff defeats Defendant's security interest under his strong

---

[6] No argument is made nor are any summary judgment submissions provided to support the idea that a search of records under Debtor's correct name using the Idaho Secretary of State's standard search logic would disclose the Factory Direct, LLC financing statement. And in oral argument, Defendant conceded as much.

MEMORANDUM OF DECISION - 8

arm powers of § 544(a)(1).[7] *See* Idaho Code § 28-9-317(a)(2) (providing that an unperfected security interest is subordinate to the rights of a person that becomes a lien creditor).[8] Plaintiff's Motion for partial summary judgment is well taken.

## B. Constructive trust

Defendant spends no time or effort disputing the foregoing analysis. In fact, its brief is silent on these Article 9 issues.

Rather, Defendant argues that Debtor and its principals failed to advise Defendant of the change in registered name, and in fact violated a contractual obligation requiring them to so advise Defendant. Additionally, Defendant contends that Debtor and its principals continued to do business under the "Factory Direct" name, including maintaining checking accounts with Defendant under that name and applying for an extension of credit under that name. Defendant also notes that the referenced credit application was supported by a

---

[7] Given operation of Idaho Code § 28-9-507(c), the avoidance is effective as to collateral acquired "*more than* four months after" the name change. Idaho Code § 28-9-507(c)(2) (emphasis added). During oral argument, counsel for Defendant asserted that the correct date under Idaho Code § 28-9-507(c) would be September 8, 2007, and not September 7. Based on the plain language of the statute, the Court agrees. Defendant's financing statement was not effective to perfect its security interest in any collateral acquired by Debtor on or after September 8, 2007. Further, Plaintiff and Defendant do not seek adjudication at this time of what collateral is subject to that avoidance, Plaintiff specifically noting that "The exact nature, extent, and value of the collateral acquired by the Debtor on or after September 7, 2007, would remain to be determined at trial or by stipulation of the parties." Doc. No. 25 at 6.

[8] *See also* Official Comment to Idaho Code § 28-9-317, stating, in part: "[I]f the security interest becomes unperfected (*e.g.*, because the effectiveness of the filed financing statement lapses) before the judicial lien arises, the security interest is subordinate."

MEMORANDUM OF DECISION - 9

2007 tax return identifying Debtor as Factory Direct, LLC.[9]

The described conduct, Defendant contends, would support the imposition of a constructive trust in its favor upon collateral acquired on or after September 8, 2007.[10] Defendant's brief suggests that Plaintiff's Motion should be denied "on grounds there are genuine issues of material fact regarding [Defendant's] right to the imposition of a constructive trust." Doc. No. 26 at 2. Defendant relies, in particular, on *Miller v. Van Dorn Demag Corp. (In re Asheboro Precision Plastics, Inc.)*, 2005 WL 1287743 (Bankr. M.D.N.C. Mar. 1, 2005).

To the extent that Defendant reads *Asheboro Precision Plastics* as supporting the denial of Plaintiff's Motion under U.C.C. Article 9 because of the assertion of a inchoate constructive trust claim, it is mistaken. The adversary proceeding there came before the court on cross-motions for summary judgment. *Id.* at *1. That court *granted* the plaintiff-trustee's motion for summary judgment under § 544(a)(1) on the basis that the financing statement at issue was seriously misleading because it used a name other than the debtor's registered or "legal"

---

[9] Such facts were presented by way of Defendant's "Statement of Additional Material Facts," Doc. No. 27, discussed above at note 1, and through an affidavit of a Wells Fargo Bank vice president, Doc. No. 28. Plaintiff never responded to the asserted "additional" facts, nor did it file any additional affidavits. The additional facts are therefore treated as undisputed for the purposes of this Decision. However, it is important to note that Defendant did not move for summary judgment on the constructive trust issue; it only argues that the issue of constructive trust requires denial of Plaintiff's Motion.

[10] *See* Answer, Doc. No. 17 at 6 (raising constructive trust issue as an affirmative defense).

MEMORANDUM OF DECISION - 10

name. *Id.* at *6-8,[11] and at *11 ("Consonant with the trustee's motion for summary judgment, the court finds that there is no genuine issue of material fact as to whether [creditor's] financing statement was seriously misleading under Revised Article 9 and that the Trustee is entitled to a partial summary judgment on the issue of the validity of the [creditor's] security interest."). The court denied the defendant-creditor's motion for summary judgment on the constructive trust counterclaim, and denied the trustee's cross-motion for summary judgment on that counterclaim. *Id.* at *11.

Thus, Defendant is incorrect when it argues that, "[i]n *Asheboro*, . . . the court denied the trustee's summary judgment motion." Doc. No. 26 at 7. That court in fact *granted* the trustee's summary judgment motion under § 544(a)(1) and Article 9 of the Revised U.C.C. It also denied *both* trustee's and creditor's cross-motions for summary judgment on a constructive trust counterclaim.

And further, Defendant's argument that "undisputed facts" related to its constructive trust assertion in the instant case "create a triable issue which precludes entry of judgment as a matter of law in favor of Trustee" is not well taken. *Asheboro* stands for no such proposition, and whether or not Defendant believes its "additional" facts are undisputed or not is immaterial since there is no

---

[11] The analysis of that court of the operation of §§ 9-503(a)(1) and 9-506 of Revised Article 9 is consistent with this Court's construction *supra*, and that of the court in *Silver Dollar, LLC*.

MEMORANDUM OF DECISION - 11

pending motion before the Court on the affirmative defense.

Plaintiff is entitled to partial summary judgment on the § 544(a)(1) claim as requested. There are no genuine issues of material fact as to that cause, and Plaintiff is entitled to judgment as a matter of law.

Even Plaintiff recognizes that there are matters remaining for trial. *See*, *e.g.*, note 7 *supra*. That would appear not just to be the matter of specification of collateral acquired by Debtor on or after September 8, 2007, *see id.*, but also presentation of evidence and argument on the constructive trust theory.[12]

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion, Doc. No. 22, will be granted subject to modification of the applicable date to September 8, 2007. Plaintiff may submit a proposed form of order accordingly.

---

[12] The assertion of a constructive trust in defense of a trustee's § 544(a)(3) action was considered in *Chbat v. Tleel (In re Tleel)*, 876 F.2d 769, 771-74 (9th Cir. 1989), which addressed whether an equitable remedy, inchoate at the petition's filing, should be imposed. It cited *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir. 1985) ("We necessarily act very cautiously in exercising such a relatively undefined equitable power in favor of one group of potential creditors at the expense of other creditors, for ratable distribution among all creditors is one of the strongest policies behind the bankruptcy laws."); and *In re Lewis W. Surtleff, Inc.*, 778 F.2d 1416, 1420 (9th Cir. 1985). This Court has likewise had occasion to consider such issues. *Farmers Ins. Group v. Krommenhoek (In re Hiatt)*, 00.3 I.B.C.R. 131, 133 n.9 (Bankr. D. Idaho 2000) (citing *Airwork Corp. v. Markair Express, Inc. (In re Markair, Inc.)*, 172 B.R. 638, 641-42 (9th Cir. BAP 1994)); *Custer v. Dobbs (In re Dobbs)*, 115 B.R. 258, 269-71 (Bankr. D. Idaho 1990). There being nothing presented to establish that a state court imposed a constructive trust in Defendant's favor prior to Debtor's bankruptcy petition, it is clear that an inchoate remedy is suggested and that factual and legal issues remain to be tried.

DATED: January 14, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 13